## CREATION OF BONDED INDEBTEDNESS BY MUNICIPALITY.

### Common Pleas Court of Williams County.

### J. H. SCHIEBER v. VILLAGE OF EDON.

#### Decided, 1914.

*Municipal Corporations—Can Not Sell Bonds Without a Vote of the Electorate—The Ten Mills Limitation—Construction of Section 5649-2, General Code.*

1. Section 5649-2, General Code, repeals by implication the authority vested in a municipal council to sell bonds without a vote of the people as provided in Sections 3939, 3940 and 3941, General Code.
2. The ten mills limitation provided in Section 5649-2, General Code, constitutes annual spending money for the several taxing districts, and a municipality is without authority to sell bonds and create a debt which must be paid .out of this annual spending money.
3. Only by a vote of the people can a bonded indebtedness be created against a municipality.

*R. L. Starr*, for plaintiff.

In May, 1914, the village of Edon, Williams county, passed a resolution declaring it necessary to pave certain streets, and in June, passed a paving ordinance in accordance with the resolution.

The village then advertised for the sale of $5,200 of bonds of the village to pay for its part of the cost of the proposed paving without submitting the bond issue to a vote of the people. The bonds were advertised to be sold in July.

The plaintiff, a tax-payer, instituted an injunction suit to prevent the sale of the bonds, and temporary restraining order was granted.

Scott, J.

May 15, 1911, the General Assembly of the state passed the act which is now Section 3939 of the General Code, which in part reads as follows:

"When it deems it necessary, the council of a municipal corporation, by an affirmative vote of not less than two-thirds of the members elected or appointed thereto, by ordinance, may issue and sell bonds in such amounts and denominations, for such period of time, and at such rate of interest not exceeding six per cent. per annum, as said council may determine and in the manner provided by law, for the following specific purposes: for resurfacing, repairing or improving any existing street or streets, as well as any other public highways."

April 16, 1913, the General Assembly of the state enacted Section 5649-2, General Code:

"Except as otherwise provided in Sections 5649-4 and 5649-5 of the General Code, the aggregate amount of taxes that may be levied on the taxable property in any county, township, city, village, school district or other taxing district, shall not in any one year exceed ten mills on the dollar of the tax valuation of the taxable property, in such county, township, city, village, school district or other taxing district for that year, and such levies in addition thereto for sinking fund and interest purposes as may be necessary to provide for any indebtedness that may hereafter be incurred by a vote of the people."

Then follows other sections relating to the creation and duties of the budget commission.

The state of the record in this cause is such as to eliminate all questions presented, save one, and that is: Is Section 3939, General Code, in conflict with Section 5649-2, and if so does the doctrine of repeal by implication apply?

Section 7629, General Code, passed April 16, 1904 (97 O. L., 358), provides in substance for the issuing of bonds by boards of education for the purpose of paying the cost of obtaining school house sites and the construction of school buildings, without the vote of the people of the district.

In the case of *Rabe* v. *Board of Ed.*, 88 Ohio St., 403, the Supreme Court, on September 30, 1913, construed Section 5649-2,

General Code, in connection with Section 7629 and held that the latter section was repealed by the former by implication. The first paragraph of the syllabus is as follows:

"Sections 5649-2 to 5649-5a, General Code, inclusive, limit the rate of taxes that can be levied in any taxing district for any and all purposes. Any statutes existing at the time of the passage of these sections, in direct conflict therewith and not specifically repealed thereby, are repealed by implication."

The Legislature recognizing the far reaching effect of this decision in its limitation upon the power of a village council, and other tax spending bodies, to create debts without a vote of the peope, and to legalize prior -bond issues, on February 16, 1914, enacted that:

"All bonds heretofore issued by any political subdivision for a lawful purpose which have been sold for not less than par and accrued interest and the proceeds thereof paid into the treasury, shall be held to be legal, valid and binding obligations of the political subdivisions issuing the same."

In the emergency section of this act is found the reason for its passage as follows:

"Such necessity arises from the fact that many public improvements are in course of construction and can not be completed except by the issue of bonds, that by a recent judicial construction a doubt has arisen about the power (without a vote of the people) to issue bonds which would cause delay in the completion of said public improvements, which completion is necessary to the public health and safety."

In the light of and guided by the rules laid down in *Rabe* v. *Board of Ed., supra,* our conclusion is that Sections 3939, General Code, *et seq.,* are in conflict with Sections 5649-2, *et seq.,* and that said former sections are repealed by implication.

The temporary injunction heretofore allowed herein is made perpetual, at the costs of the defendant.